RICHARD E. REEVES, APPELLANT, V. HILL AERO, INC., APPELLEE.

436 N.W.2d 494

Filed March 3, 1989.   No. 86-264.

James M. Kelley for appellant.

Terry R. Wittler, of Cline, Williams, Wright, Johnson & Oldfather, for appellee.

BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

On June 23, 1983, plaintiff-appellant, Richard E. Reeves (Reeves), an architect, filed this action against Call Brothers, Ltd. (Call Bros.), a corporation, and defendant-appellee, Hill Aero, Inc. (Hill Aero), seeking damages arising from the alleged breach of a written owner-architect agreement for the design and construction of a hangar/office complex at the

Lincoln Municipal Airport. Reeves had completed the design portion of the work and had submitted plans, when the contract was terminated. Reeves claimed Hill Aero breached the contract by using Reeves' work product to construct a building using plans substantially the same as those developed by Reeves. Reeves subsequently dismissed the action against Call Bros. and filed an amended petition naming Hill Aero as the sole defendant.

On November 19, 1985, the parties waived a jury trial, and the matter was tried to the district court for Lancaster County upon a stipulated record consisting of the documents and letters between the parties. In dismissing Reeves' amended petition, the trial court found that the contract was terminated pursuant to contract article 8 and that Hill Aero paid Reeves compensation for his services to that termination date, plus termination expenses. The court held that contract article 9 provided "the drawings and specifications shall remain the property of the plaintiff, but only prohibits their use by [Hill Aero] on other projects or extensions to this project without permission" (emphasis in original) and that Hill Aero was not prohibited from using them on the pending hangar project. The court further held that even if Reeves were entitled to recover, there was no evidence of actual damages.

Reeves timely appealed, contending the trial court erred (1) in holding that contract article 9 only prohibited Hill Aero from using Reeves' work product on other projects or extensions to the original project without Reeves' permission; (2) in excluding, on the basis of hearsay, a written report of the opinion of Reeves' expert witness; (3) in ruling that the measure of compensation to Reeves, under the terms of the contract, is a determination of what "would appear to be fair compensation," rather than what the contract actually provided; and (4) in imposing upon Reeves the burden of proving actual damages independent of the contract price. We affirm.

The cause alleged seeks damages for breach of contract and, as such, presents an action at law. In an action at law, where a jury has been waived, the judgment of the trial court has the effect of a jury verdict and will not be set aside unless clearly

wrong. *Kreikemeier v. McIntosh*, 223 Neb. 551, 391 N.W.2d 563 (1986). In construing a contract, words must be given their plain and ordinary meaning as reasonable persons would understand them. *Id.*

The record shows that on August 9, 1979, Reeves and Hill Aero executed a "Standard Form of Agreement Between Owner and Architect" (American Inst. of Architects Document B141 (Jan. 1974)) for the design and construction of a project, defined on page 1 of the contract as "[a] new hanger [sic] office area for aircraft refinishing and custom interior work, to be located in the general aviation area of the Lincoln Municipal Airport." The work was divided into five types of "Basic Services" or phases, and the contract contained a detailed outline of the basic services covered by each phase. The contract provided that "Basic Compensation" for basic services would be 7 percent of total construction cost. The total construction cost was estimated by Reeves to be $339,400. The contract further specified that payments for basic services were to be allocated over the various phases of the contract as follows:

Schematic Design Phase ..................... 15%
Design Development Phase................... 35%
Construction Documents Phase .............. 75%
Bidding or Negotiation Phase............... 80%
Construction Phase ........................ 100%

Contract article 9 provided:

Drawings and Specifications as instruments of service are and shall remain the property of the Architect whether the Project for which they are made is executed or not. They are not to be used by [Hill Aero] on other projects or extensions to this Project except by agreement in writing and with appropriate compensation to the Architect.

Contract article 8 provided that the agreement "may be terminated by either party upon seven days' written notice should the other party fail substantially to perform in accordance with its terms through no fault of the party initiating the termination." Contract article 8 further provided that if the contract was terminated due to the fault of parties other than Reeves, Reeves would be paid his compensation for services performed to termination date, including a

termination fee of 10 percent of the total compensation earned to the time of termination if the termination occurred during the design development phase of the project.

Reeves had completed the design development phase of the project when Hill Aero sought to terminate the agreement. By letter dated February 15, 1980, Reeves confirmed the termination of the agreement and billed Hill Aero for "Reimbursable Expenses and a ten (10) percent termination fee as outlined in ARTICLE 8 of the Owner-Architect Agreement." The record shows that Reeves was paid $8,315 (($339,400 times 7 percent) times 35 percent, rounded) for basic services through the design development phase prior to termination, and an $831.50 ($8,315 times 10 percent) termination fee.

Reeves' amended petition alleges that Hill "sold, delivered, gave, or otherwise transferred" Reeves' work product to Call Bros. The amended petition further alleges that Call Bros., with the knowledge of Hill Aero, "used substantially all of [Reeves'] drawings, specifications, and other work product without his consent as the basis for the construction of a hanger/office [sic] area for aircraft refurnishing and custom interior work, the same located in the general aviation complex of the Lincoln Municipal Airport, Lincoln, Nebraska," and that these acts amounted to a breach of Hill Aero's contract with Reeves.

We agree with the trial court that under the plain and unambiguous language of the contract, Hill Aero was entitled to use Reeves' work product in the construction of "[a] new hanger [sic] office area for aircraft refinishing and custom interior work, to be located in the general aviation area of the Lincoln Municipal Airport," and was only prohibited from using the drawings on other projects or extensions to the current project. We do not accept Reeves' assertion that the hangar/office complex allegedly constructed by Call Bros. was, at the very least, an "extension" of the project described in the contract. The record shows that if Reeves' work product was used, it was used to complete the original project, not an "other" project or an "extension" to the project.

We agree fully with the finding of the trial court that Hill Aero did not breach its contract with Reeves. It is, therefore, unnecessary for us to discuss Reeves' other assignments of

error.

The order of the district court, dismissing Reeves' amended petition, is affirmed.

AFFIRMED.

HASTINGS, C.J., not participating.